UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES KENNEDY,

        Plaintiff,

    v.

NANCY A BERRYHILL, Acting
Commissioner of Social Security,

        Defendant.

CASE NO. 3:17-CV-05557-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: January 26, 2018

The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United States Magistrate Judge David W. Christel. Plaintiff Charles Kennedy filed this matter seeking judicial review of Defendant's denial of his application for disability insurance benefits ("DIB").

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in failing to properly consider the Veterans Affairs ("VA") Rating Decision ("VA Rating") and the medical opinion of Dr. Levy. Had the ALJ properly considered the VA Rating and the medical opinion evidence, the ALJ may have determined Plaintiff is disabled or included additional limitations in the residual functional capacity ("RFC") assessment. Therefore, the ALJ's errors are harmful and this matter should be reversed and remanded pursuant to sentence

1 │ four of 42 U.S.C. § 405(g) to the Acting Commissioner of the Social Security Administration

2 │ ("Commissioner") for further proceedings consistent with this Report and Recommendation.

3 │                              <u>FACTUAL AND PROCEDURAL HISTORY</u>

4 │         On April 15, 2013, Plaintiff filed an application for DIB, alleging disability as of

5 │ February 22, 2013. *See* Dkt. 6, Administrative Record ("AR") 139. The application was denied

6 │ upon initial administrative review and reconsideration. *See* AR 139. A hearing was held before

7 │ ALJ Edward T. Morriss on June 11, 2014. *See* AR 33-58. On August 25, 2014, the ALJ found

8 │ Plaintiff was not disabled. AR 139-47. Plaintiff requested review by the Appeals Council and, on

9 │ March 23, 2015, the Appeals Council sent Plaintiff's case back to the ALJ with instruction for

10 │ further review. AR 152-56.

11 │         The ALJ held a second hearing on December 9, 2015. AR 59-98. In a decision dated

12 │ February 11, 2016, the ALJ determined Plaintiff to be not disabled. *See* AR 17-27. Plaintiff's

13 │ request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's

14 │ February 11, 2016 decision the final decision of the Commissioner. *See* AR 1-5; 20 C.F.R. §

15 │ 404.981, § 416.1481.[1]

16 │         In the Opening Brief, Plaintiff maintains the ALJ erred by failing to properly consider:

17 │ (1) the VA Rating; (2) the opinions of Dr. Elliot Levy, Dr. Adebola Rojugbokan, and Nurse

18 │ Practitioner Catherine O'Conner; and (3) Plaintiff's subjective symptom testimony. Dkt. 10, p. 1.

19 │                                    <u>STANDARD OF REVIEW</u>

20 │         Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

21 │ social security benefits if the ALJ's findings are based on legal error or not supported by

22 │

23 │ ─────────────────

24 │         [1] When referencing the ALJ's decision in this Report and Recommendation, the Court is referring to the ALJ's February 11, 2016 decision.

REPORT AND RECOMMENDATION - 2

1    substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

2    Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

3                                          <u>DISCUSSION</u>

4    **I.       Whether the ALJ properly considered the VA Rating.**

5           Plaintiff first alleges the ALJ failed to provide adequate reasons for rejecting the VA

6    Rating. Dkt. 10, pp. 2-9.

7           A determination by the VA about whether a claimant is disabled is not binding on the

8    Social Security Administration ("SSA"); however, an ALJ must consider the VA's determination

9    in reaching his or her decision. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002); 20

10   C.F.R. § 404.1504. Further, the ALJ "must ordinarily give great weight to a VA determination of

11   disability." *McCartey*, 298 F.3d at 1076. This is because of "the marked similarity" between the

12   two federal disability programs. *See id.* (describing similarities in the programs). However,

13   "[b]ecause the VA and SSA criteria for determining disability are not identical," the ALJ "may

14   give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing

15   so that are supported by the record." *Id.* (citing *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th

16   Cir. 2001).

17          On July 17, 2013, the VA issued the Rating finding Plaintiff's sleep apnea raised his

18   combined disability rating to 100%, effective March 12, 2015. AR 323. Plaintiff was found to be

19   disabled as a result of the following impairments: sleep apnea, bilateral knee patellofemoral

20   syndrome, bilateral hip strain, right ankle strain, lumbar spine spondylosis with intervertebral

21   disc syndrome, and lower extremity radiculopathy. AR 330-31.

22          In discussing the VA Rating, the ALJ stated, in full:

23          I have taken note that the Department of Veterans Affairs (VA) has assigned the
            claimant a service-connected disability rating of 100%. (1) However, the

24

disability determination processes utilized by the Department of Veterans Affairs and the Social Security Administration are fundamentally different. The Department of Veterans Affairs does not make a function-by-function assessment of an individual's capabilities (i.e. determine the claimant's residual functional capacity) or determine whether the claimant is able to perform either his past relevant work or other work that exists in significant numbers in the national economy as is required by the Regulations. (2) Moreover, the assessment is not supported by the treatment records in the file. Therefore, I have given that rating little weight.

AR 24-25 (internal citations omitted, numbering added).

The ALJ provided two reasons for discounting the VA Rating. AR 24-25. First, the ALJ discounted the VA Rating because the VA and SSA utilize different processes for determining disability. AR 24-25. Second, the ALJ gave little weight to the VA Rating because it "is not supported by the treatment records in the file." AR 25. Defendant concedes these two reasons are not valid for discounting the VA Rating. Dkt. 11, pp. 5-6 & n. 3. The Court agrees. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009) (finding the ALJ's decision to give less weight to the VA's disability rating on the general ground that the VA and SSA disability inquiries are different was error); *Cobbs v. Colvin*, 2014 WL 468928, *8 (D.S.C. Feb. 4, 2014) (finding the ALJ erred by providing a conclusory statement that the evidence was inconsistent with the VA rating decision).

Defendant, however, argues the ALJ provided a third reason for discounting the VA Rating: the VA Rating did not provide function-by-function assessment of Plaintiff's capabilities. Dkt. 11, pp. 5-6. The Court has considered Defendant's argument and is not persuaded. The ALJ concluded the VA and SSA are fundamentally different and stated the VA "does not make a function-by-function assessment of an individual's capabilities (i.e. determine the claimant's residual functional capacity) or determine whether the claimant is able to perform either his past relevant work or other work that exists in significant numbers in the national

REPORT AND RECOMMENDATION - 4

economy as is required by the Regulations." AR 24-25. The ALJ did not, as asserted by
Defendant, state he was giving little weight to the VA Rating in this case because did not contain
a function-by-function assessment. *See* AR 25; Dkt. 11, p. 6. Rather, when the ALJ stated the
VA does not make function-by-function assessments or determine if there are jobs a claimant can
perform, he was explaining the differences between the VA's processes and the SSA's processes
in reaching a disability determination. *See* AR 24-25. Therefore, the Court finds the ALJ did not
provide this as a third reason for giving little weight to the VA Rating.

      Accordingly, the Court finds the ALJ did not provide a persuasive, specific, and valid
reason for giving little weight to the VA Rating. Therefore, the ALJ erred.

      "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674
F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the
claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.
Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674
F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific
application of judgment" by the reviewing court, based on an examination of the record made
"'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at
1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)). Furthermore, "the fact that
the administrative law judge, had [he] considered the entire record, might have reached the same
result does not prove that [his] failure to consider the evidence was harmless. Had [he]
considered it carefully, [he] might well have reached a different conclusion." *Hollingsworth v.
Colvin*, 2013 WL 3328609, *4 (W.D. Wash. July 1, 2013) (quoting *Spiva v. Astrue*, 628 F.3d
346, 353 (7th Cir. 2010)).

1    Here, if the ALJ had given great weight to the VA Rating finding Plaintiff was 100%

2  disabled, the ALJ may have determined Plaintiff was disabled under SSA criteria or included

3  additional impairments at Step Two of the sequential evaluation process. For example, the VA

4  Rating was based in part on Plaintiff's sleep apnea, which the ALJ did not find was a severe

5  impairment at Step Two. *See* AR 19-20, 323. Accordingly, the Court finds the ALJ's failure to

6  properly consider the VA Rating is harmful error.

7    **II.    Whether the ALJ properly considered the medical opinion evidence.**

8    Plaintiff alleges the ALJ failed to properly consider the medical opinion evidence of Dr.

9  Levy, Dr. Rojugbokan, and Ms. O'Conner. Dkt. 10, pp. 9-17.

10    A.  Dr. Levy

11    Plaintiff first contends the ALJ failed to provide adequate reasons for giving less weight

12  to the opinions of Plaintiff's treating psychiatrist, Dr. Levy. Dkt. 10, pp. 9-13. The ALJ must

13  provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a

14  treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing*

15  *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th

16  Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be

17  rejected "for specific and legitimate reasons that are supported by substantial evidence in the

18  record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir.

19  1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by

20  "setting out a detailed and thorough summary of the facts and conflicting clinical evidence,

21  stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725

22  (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

23

24

Plaintiff began treating at Dr. Levy's clinic in February of 2013, and Dr. Levy began personally treating Plaintiff on August 28, 2013. AR 1340, 1354. Dr. Levy diagnosed Plaintiff with post-traumatic stress disorder ("PTSD"), dysthymia, sleep apnea, lower back pain, glaucoma, and hyperglycemia. AR 1340.

On June 30, 2015, Dr. Levy opined Plaintiff had a global assessment of functioning ("GAF") score of 60. AR 1340. He found Plaintiff markedly limited in his restrictions of daily living, and extremely limited in maintaining social functioning and maintaining concentration, persistence, or pace. AR 1343. Dr. Levy also opined that Plaintiff is moderately limited in his abilities to make simple work-related decisions, ask simple questions or request assistance, get along with coworkers or peers without distracting them or exhibiting behavioral extremes, maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness, and set realistic goals or make plans independently of others. AR 1349-50. He found Plaintiff markedly limited in all other areas of mental functioning. AR 1349-50. Dr. Levy also found Plaintiff had three episodes of decompensation of an extended duration and he opined Plaintiff's prognosis for returning to full time work was poor. AR 1343, 1345.

On January 14, 2015, Dr. Levy authored a letter stating, in relevant part:

> [Plaintiff] has been dealing with significant stressors including chronic pain, ongoing mental health symptoms, and financial stress. He experiences nightmares, flashbacks, and hypervigilance and is unable to tolerate being around many people. He startles easily and has poor concentration. In addition, these symptoms and his depressive symptoms lead to episodes of anger and outbursts. He has been compliant with treatment and has been making an effort to obtain employment. Given his current symptoms, being able to tolerate a work setting and manage an expected workload will most likely be very difficult if not intolerable. In addition, his constant pain limits any potential of being able to sit for any length of time. Despite his desire for employment, the reality of actually working may not be compatible with his current symptomatology.

AR 1354.

1    The ALJ stated he "considered the opinion of" Dr. Levy and gave it "less than controlling

2    weight" because:

> Dr. Levy's assessments appear to be based primarily on the claimant's subjective
> symptoms. Not only are the doctor's assessments devoid of any clinical findings
> or reference to objective testing, the mental status examinations do not document
> any specific findings that would support a conclusion that the claimant is
> disabled. In fact, Dr. Levy noted in August 2015, that the claimant was stable.

6    AR 24 (internal citations omitted).

7    The ALJ's sole reason for giving "less than controlling weight" to Dr. Levy's opinion is

8    because the assessments were primarily based on Plaintiff's subjective complaints. AR 24. An

9    ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-

10    reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035,

11    1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir.

12    1999)). This situation is distinguishable from one in which the doctor provides his own

13    observations in support of his assessments and opinions. *See Ryan v. Comm'r of Soc. Sec.*

14    *Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). "[W]hen an opinion is not more heavily

15    based on a patient's self-reports than on clinical observations, there is no evidentiary basis for

16    rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan*, 528

17    F.3d at 1199-1200). Notably, a psychiatrist's clinical interview and mental status evaluation are

18    "objective measures" which "cannot be discounted as a self-report." *See Buck v. Berryhill*, 869

19    F.3d 1040, 1049 (9th Cir. 2017).

20    In *Buck*, the Ninth Circuit noted "[p]sychiatric evaluations may appear subjective,

21    especially compared to evaluation in other medical fields." 869 F.3d at 1049. "Diagnoses will

22    always depend in part on the patient's self-report, as well as on the clinician's observations of the

23    patient. But such is the nature of psychiatry. Thus, the rule allowing an ALJ to reject opinions

24

1  based on self-reports does not apply in the same manner to opinions regarding mental illness."

2  *Id.* (internal citations omitted).

3      The record shows Plaintiff began receiving treatment in 2013 from the VA outpatient

4  clinic, which is where Dr. Levy is the mental health outpatient chief. AR 1339-40, 1354. Mental

5  status examinations in the VA treatment notes show Plaintiff's affect was blunted and restricted.

6  AR 1356, 1358, 1363, 1366, 1526. Plaintiff's judgment and insight were repeatedly "fair," as

7  opposed to "good." AR 1356, 1359, 1364, 1366, 1470, 1526. Plaintiff was working with

8  vocational rehabilitation and attempted school, "but due to concentration issues" was unable to

9  be successful in school. AR 1468. During an appointment with Dr. Levy, Plaintiff's wife noted

10  that Plaintiff had an episode where he threw things and punched a hole in the wall. AR 1525.

11  Plaintiff and his wife also informed Dr. Levy of an episode in the airport where Plaintiff "lost his

12  cool." AR 1468.

13      In finding Dr. Levy's opinions were based on Plaintiff's subjective reports, the ALJ

14  provided three specific reasons to support his decision: (1) Dr. Levy's opinion did not contain

15  clinical findings; (2) the mental status examinations did not support the opinions; and (3) Dr.

16  Levy noted Plaintiff was stable in August 2015. AR 24.

17      First, the ALJ stated Dr. Levy's assessments were devoid of clinical findings. AR 24.

18  An ALJ may "permissibly reject[ ] ... check-off reports that [do] not contain any explanation of the

19  bases of their conclusions." *Molina v. Astrue*, 674 F.3d 1104, 1111-12 (9th Cir. 2012) (*quoting*

20  *Crane v. Shalala,* 76 F.3d 251, 253 (9th Cir.1996)). However, a treating physician's check-box

21  form cannot be rejected if the opinion is supported by treatment notes. *Esparze v. Colvin*, 631 Fed.

22  App'x 460, 462 (9th Cir. 2015). Here, Dr. Levy's treatment notes and the treatment notes from

23  the VA were included in the record. *See* AR. 1355-1584. Dr. Levy's opinions were supported by

24

1    several years of treatment notes; therefore, this is not an adequate reason to support finding Dr.

2    Levy's opinions were primarily based on Plaintiff's subjective symptoms.

3          Second, the ALJ stated the mental status examinations did not support Dr. Levy's

4    opinions. AR 24. This finding is conclusory. The ALJ failed to explain how or what results

5    contained in the mental status examinations conflicted with Dr. Levy's opinion. *See Embrey*,

6    849 F.2d at 421-22 (conclusory reasons do "not achieve the level of specificity" required to

7    justify an ALJ's rejection of an opinion). Further, the mental status examinations did include

8    abnormal results. *See e.g.* AR 1356, 1359, 1366. The Court finds the ALJ's conclusory

9    statement regarding the findings of the mental status examinations is not sufficient to show Dr.

10    Levy's opinions were based primarily on Plaintiff's subjective complaints.

11          Third, the ALJ found Dr. Levy reported Plaintiff was stable in August 2015. AR 24.

12    While Dr. Levy noted Plaintiff was stable on August 31, 2015, the treatment notes from that

13    same day and from October 29, 2015 state Plaintiff was "stable at impaired level." AR 1359,

14    1364, 1366. Therefore, Dr. Levy's single statement that Plaintiff was stable is not sufficient to

15    show his opinions were based on Plaintiff's subjective complaints.

16          Importantly, the record shows Dr. Levy performed several mental status examinations

17    during his appointments with Plaintiff. He also conducted interviews of Plaintiff and his wife

18    during the appointments. For example, on the date Dr. Levy authored the January 2015 letter, he

19    interviewed Plaintiff and his wife, conducted a mental status examination, and reviewed

20    Plaintiff's medications. AR 1468-69. Overall, Dr. Levy did not discredit Plaintiff's subjective

21    reports, and supported his opinions with his treating relationship, objective testing, personal

22    observations, and interviews. As such, the Court finds Dr. Levy's opinions were not more

23    heavily based on Plaintiff's subjective complaints and self-reports.

24

1    After considering the record and the ALJ's findings, the Court concludes the record does

2   not support the ALJ's finding that Dr. Levy's opinions were more heavily based on Plaintiff's

3   subjective symptoms. Therefore, the ALJ has failed to provide a specific and legitimate reason,

4   supported by substantial evidence, for giving "less than controlling weight" to Dr. Levy's

5   opinions. Accordingly, the ALJ erred.

6    Had the ALJ properly considered all of Dr. Levy's opined limitations, the ALJ may have

7   found Plaintiff disabled or included additional limitations in the RFC. For example, Dr. Levy

8   found Plaintiff would not tolerate the work-setting due to his symptoms, would be unable to sit

9   for any length of time, and had moderate to extreme mental limitations. These limitations were

10   not accounted for in the RFC. *See* AR 21-22 (RFC limited Plaintiff to light work and to

11   "understanding, remembering and carrying out simple instructions, with no ongoing contact with

12   the general-public"). If Dr. Levy's opinions as to Plaintiff's limitations were included in the RFC

13   and in the hypothetical questions posed to the vocational expert, the ultimate disability

14   determination may have changed. Therefore, the ALJ's error is not harmless. *See Molina*, 674

15   F.3d at 1115.

16    B.  Dr. Rojugbokan and Ms. O'Conner

17    Plaintiff next maintains the ALJ failed to properly consider the opinions of Dr.

18   Rojugbokan and Ms. O'Conner. Dkt. 10, pp.13-17. Defendant does not contend the ALJ

19   provided adequate reasons for discounting these two opinions. Dkt. 11, pp. 4-5. Defendant,

20   however, argues Plaintiff failed to show the errors are harmful. *Id.*

21    The Court concludes the ALJ committed harmful error in assessing the VA Rating and

22   Dr. Levy's opinions and this case must be remanded for further consideration of the medical

23   evidence. *See* Section II.A., *supra*. As this case must be remanded, the Court declines to consider

24

whether the uncontested errors in the ALJ's consideration of the opinions of Dr. Rojugbokan and Ms. O'Conner are harmful. Rather, the Court finds the ALJ should re-evaluate all the medical opinion evidence, including the opinions of Dr. Rojugbokan and Ms. O'Conner, on remand.

### III.    Whether the ALJ provided proper reasons for discounting Plaintiff's subjective symptom testimony.

Finally, Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony about his symptoms and limitations because the ALJ failed to properly consider the medical evidence. Dkt. 10, pp. 17-18. As previously stated, the Court concludes the ALJ committed harmful error in assessing the medical evidence. *See* Sections I, II, *supra*. Because the ALJ's reconsideration of the medical evidence may impact his assessment of Plaintiff's subjective testimony, on remand, the ALJ must reconsider Plaintiff's subjective testimony.

The Court also notes, on March 28, 2016, the Social Security Administration changed the way it analyzes a claimant's credibility. *See* SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016); 2016 WL 1237954 (Mar. 24, 2016). The term "credibility" will no longer be used. 2016 WL 1119029, at *1. Further, symptom evaluation is no longer an examination of a claimant's character. *See id*. at *10 ("adjudicators will not assess an individual's overall character or truthfulness"). The ALJ's decision here – dated February 11, 2016 – was issued before SSR 16-3p became effective. Thus, the ALJ did not err by failing to apply SSR 16-3p. However, on remand, the ALJ is directed to apply SSR 16-3p when evaluating Plaintiff's subjective symptom testimony.

<u>CONCLUSION</u>

Based on the above stated reasons, the undersigned recommends this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for

1  further proceedings consistent with this Report and Recommendation. The undersigned also

2  recommends judgment be entered for Plaintiff and the case be closed.

3          Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

4  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

5  6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

6  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

7  imposed by Rule 72(b), the clerk is directed to set the matter for consideration on January 26,

8  2018, as noted in the caption.

9          Dated this 8th day of January, 2018.

10

11                                  David W. Christel
                                    United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24