UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES KENNEDY, <br><br> Plaintiff, <br><br> v. <br><br> NANCY BERRYHILL, Acting Commissioner Social Security Administration, <br><br> Defendant. | CASE NO. 17-5557 <br><br> ORDER ON AMENDED MOTION FOR ATTORNEY FEES PURSUANT TO 28 U.S.C. §2412 (D) |

THIS MATTER comes before the Court on the Plaintiff's Amended Motion for Attorney Fees pursuant to 28 U.S.C. § 2412 (D). Dkt. 24. The Court has reviewed the pleadings filed regarding the motion and the remaining file.

This is Plaintiff's second motion for an award of attorneys' fees in this case. Plaintiff filed this case on July 20, 2017, challenging the Commissioner's decision that he did not qualify for disability benefits under Title II of the Social Security Act. Dkt. 1. On January 29, 2018, the Commissioner's decision was reversed and the case remanded. Dkt. 14. On April 23, 2018,

ORDER ON AMENDED MOTION FOR ATTORNEY FEES PURSUANT TO 28 U.S.C. §2412 (D) - 1

Plaintiff filed a motion for attorney's fees, in the amount of $7,281.23, and costs, in the amount of $400.00. Dkt. 16. Defendant opposed the motion. Dkt. 20. On May 14, 2018, the undersigned granted the motion, in part, and denied it, in part, and awarded Plaintiff $137.75 in attorney's fees and $400.00 costs. Dkt. 23. Now pending is Plaintiff's amended motion for an award of attorney's fees. Dkt. 24. For the reasons provided, the motion (Dkt. 24) should be granted, in part, and denied, in part.

## **FACTS**

The underlying facts are in the Report and Recommendation (Dkt. 13) and are adopted here, by reference. In the May 14, 2018 Order, the undersigned found that attorney's fees and expenses should be awarded pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (d)(1)(A). Dkt. 23. In reviewing the amount of fees requested the Court held that:

> Plaintiff requests $7,281.23 in attorney's fees for 37 hours of work at the attorney's fee rate. Dkt. 16. Christopher Dellert, a Washington lawyer, billed for 0.7 hours for work done starting July 19, 2017. Dkt. 16-2, at 1. A Robertson Wendt submitted a bill for 8.2 hours, starting on May 30, 2107, and includes a July 6, 2017 entry that provides: "[r]eview file and unfavorable ALJ decision, telephone conference with Mr. Kennedy and Mrs. Kennedy to discuss federal court appeal; telephone and email attorneys Jeff Baird and Chris Dellert in Seattle WA about serving as local counsel in federal court appeal; email brief writer Sarah Bohr about writing brief." Dkt. 19-1, at 1. Although it is unclear whether Wendt is a lawyer in any state (he is not a member of the Washington State Bar and has a South Carolina address), he further bills for review of the record and other documents, including reviewing Plaintiff's opening brief and reply brief from Bohr. Dkt. 19-1, at 2. (The opening brief was filed on November 6, 2017 and the reply on December 18, 2017. (Dkts. 10 and 12). The opening brief and reply brief were signed by Dellert, but there are no records he reviewed any of these pleadings and did not bill for doing so. His last billed action was in July of 2017.) Plaintiff also seeks attorney's fees for Sarah Bohr, a Florida and District of Columbia lawyer, for 28.1 hours of work. Dkt. 16-2, and 18. Bohr submits bills for review of the record and ALJ decision, drafting the facts and argument in the opening brief, drafting the reply brief, and reviewing the Report and Recommendation. Dkt. 18, at 5. . .
> Plaintiff's motion for attorney's fees (Dkt. 16) should be granted as to the 0.7 hours billed by the Washington lawyer Dellert at the EAJA rate of $196.79 for a total of $137.75, and denied without prejudice as to the fees of the remaining

lawyers. Although Plaintiff moves for an award of attorneys' fees for both Wendt's and Bohr's time, there is no evidence in the record that either Wendt or Bohr are admitted to practice in this court, whether as a Washington lawyer or by pro hac vice. Based on the record, they did almost all the work, Bohr wrote the briefs and Wendt reviewed all documents and brought both Bohr and Dellert into the case. Neither Wendt nor Bohr have entered notices of appearance. They were unknown to the Court until the instant motion was filed. The Court takes a dim view of lawyers attempting to practice law in this district without following Local Rule of Western District of Washington 83.1. On the other hand, if this Court is missing something, the Washington counsel may reapply for fees for Wendt and Bohr with a full explanation.

Dkt. 23, at 3-5.

On May 17, 2018, Plaintiff filed the pending amended motion for an award of attorneys' fees for the work of both Bohr and Wendt. Dkt. 24. In support of his amended motion, Plaintiff files the Declaration of Robertson Wendt, an attorney licensed to practice in South Carolina, but not Washington. Dkt. 27. In this declaration, Wendt states that he "is the primary attorney for [Plaintiff] Charles Kennedy. . . [w]ith the exception of this case filed in the Western District of Washington, [he has] appeared in all administrative and federal court proceedings as plaintiff's attorney since May of 2015." Dkt. 27, at 1. Wendt asserts that he "associated attorney Christopher Dellert to serve as local counsel in this action for judicial review because Mr. Dellert was admitted to practice in this district." *Id.,* at 1-2. Wendt maintains that "[e]ven though [he has] not appeared in this action, [he] continue[s] to serve as the plaintiff's primary attorney." *Id.,* at 2. Wendt asserts that he spent a total of 8.20 hours of time on Plaintiff's case. *Id.*, at 3.

In support of this motion, Plaintiff also filed the Declaration of Christopher Dellert. Dkt. 28. Dellert states that he has "been the lead attorney in this case since it was filed in July 2017." *Id.,* at 1. He alleges that he "prepared the opening documents (Summons, Complaint, Civil Cover Sheet); perfected service; drafted the Motion for Extension of Time (Dkt. 8) and the Motion for Attorney Fees (Dkt. 16). Dellert asserts that he "reviewed and filed the Opening

Brief, Reply Brief, and Reply to Defendant's Response to ensure that the formatting was in accordance with this Court's rules and that the content and legal arguments were appropriate." *Id.,* at 2. He states that he "did not bill for [his] time reviewing or formatting any of the documents in this case as these tasks would not occur in cases [he] briefed himself and were duplicative of the efforts of Mr. Wendt and Ms. Bohr." *Id.* Plaintiff again moves for an award of fees for the time spent by Ms. Bohr 28.10 hours as a brief writer. Dkt. 29.

Defendant responded and is opposed to the amended motion for attorney's fees. Dkt. 29. Plaintiff replied, and now requests additional attorneys' fees. Dkt. 30. The motion is now ripe for decision.

**DISCUSSION**

Under EAJA, prevailing parties are awarded expenses and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412 (D)(1)(b). "'Fees and other expenses' include 'reasonable attorney fees.'" *Decker v. Berryhill*, 856 F.3d 659, 664 (9th Cir. 2017)(*quoting* 28 U.S.C. § 2412 (D)(1)(b)).

There are two issues in this motion (1) whether an award of attorneys' fees to non-Washington lawyers Bohr and Wendt is proper, and (2) whether the requested fees are reasonable.

**A. AWARD OF FEES TO LAWYERS NOT ADMITTED TO WASHINGTON**

The Ninth Circuit Court of Appeals has not ruled on whether it is proper to award attorney's fees under EAJA to lawyers who are not admitted to practice law in the court (and state) in which they have applied. In *Priestley v. Astrue*, 651 F.3d 410 (4th Cir. 2011), the Fourth Circuit Court of Appeals considered the question of whether a prevailing claimant in a

social security case was entitled to an award of attorney's fees under EAJA for lawyers who were not admitted to the state in which they applied for fees and did not apply to appear pro hac vice. Plaintiff in that case hired a lawyer, McChesney, (who was properly admitted) and McChesney hired two other out-of-state lawyers to write the briefs. *Id.* The Fourth Circuit in *Priestly*, found that "EAJA authorizes the plaintiffs to receive reimbursement for work performed by an attorney, regardless of whether the attorney performing the work is admitted to practice or not." *Id.*, at 416. It held that EAJA authorizes reimbursement "for work of the type performed" by the two out-of-state attorneys, who assisted Martin with "brief writing and related tasks." *Id.* In concluding that the district court committed error in holding that there were "special circumstances making an award unjust" (by finding that the two out-of-state lawyers were engaged in the unauthorized practice of law), the Fourth Circuit stated they "believe that the district court improperly linked the requirements for the practice of law in the district court with the requirements of the EAJA, thus limiting the scope of fees that the EAJA otherwise authorizes. And in doing this, the court ended up effectively sanctioning out-of-state attorneys for purported violations of its local rules by denying reimbursement for their fees under the EAJA." *Id.*

After acknowledging that the "district court was, of course, rightfully concerned about the unauthorized practice of law in its court, and it ha[d] the authority to regulate that through local rules and an array of appropriate sanctions," the Fourth Circuit stated that it did not need to determine whether the local rules were violated, or if they were that "the violation in question, if any, was so attenuated and technical that it would not affect the plaintiffs' claims for fee awards under the EAJA, which does not condition eligibility for reimbursement on whether an attorney is admitted." *Id.* The Fourth Circuit noted then that the record strongly suggested that the out-

of-state lawyers did not appear before the district court; "their role was quite limited." *Id.* The out-of-state lawyers did not physically appear in court, they never filed a brief, they never communicated with opposing counsel, they never communicated with the plaintiffs, their work agreement was with McChesney (the licensed lawyer) and not with the plaintiffs, "and they prepared only drafts of briefs and papers which they then submitted to McChesney for editing, signing, and filing with the court. Even though their names were sometimes included on briefs as attorneys for the plaintiffs and they stated in their EAJA affidavits that they were attorneys for plaintiffs, the nature of their brief-writing function in supporting McChesney never changed." *Id.* The Fourth Circuit found that "McChesney could just as well have retained an English professor or law professor to assist him in writing briefs and submitted those charges as paralegal type fees, with a legitimate expectation that his clients would receive reimbursement." *Id.* It remanded the case to the district court to reconsider the fee applications of the out-of-state lawyers, but held that "[t]o be sure, it could choose to treat them as non-attorneys who provided support to McChesney, similar in nature to the work performed by other non-admitted attorneys, such as law clerks or paralegals" at the paralegal reimbursement rate. *Id.,* at 418.

In an unpublished case, *Verdiyan v. Berryhill,* 2017 WL 1385966 (W.D. Wash. Apr. 18, 2017), a court in this district considered whether an award of EAJA fees were appropriate to an out-of-state lawyer brief writer. Citing *Winterrowd v. American General Annuity Insurance Company*, 556 F.3d 815 (9th Cir. 2009), the court considered the following factors: whether the out-of-state attorney physically appeared in court, signed pleadings, had contact with clients and opposing counsel, was supervised by a member of the local state bar, and although the out-of-state attorney had not been admitted pro hac vice, there was no evidence in the record to show that he "would not have routinely been so admitted had he applied." *Verdiyan v. Berryhill*, C15-

1680-JCC, 2017 WL 1385966, at *2 (W.D. Wash. Apr. 18, 2017). Concluding that the out-of-state lawyer had not appeared in court, did not sign pleadings, did not have meaningful contact with either the clients or opposing counsel, was supervised by a Washington lawyer and could have been admitted pro hac vice, if he had applied, the *Verdiyan* court awarded the Plaintiff EAJA fees for the out-of-state lawyer's work.

**Bohr**. Plaintiff's amended motion as to Bohr's request for fees should be granted. Although the undersigned finds whether a lawyer physically appeared in court unpersuasive and inapplicable in this case (no one appeared in court), like the brief writers in *Priestley and Verdiyan*, Bohr did not file a brief, did not communicate with opposing counsel or the plaintiff, her work agreement was with Wendt and not the Plaintiff. She prepared only draft briefs which were sent to Wendt for review. Her brief-writing function did not change. Accordingly, Plaintiff should be given an award for her time.

**Wendt.** While *Priestley* and *Verdiyan* give this court some guidance as to Bohr, they are not binding authority, nor fully on point with the situation in this case as to Wendt. Unlike the out-of-state lawyers in *Prestley,* the evidence in the record indicates that Wendt's role was not "limited," but is that of Plaintiff's lead counsel, fully managing the case. While Dellert states that he is the lead attorney for the case, Wendt asserts that he "is the primary attorney for [Plaintiff] Charles Kennedy. . . [w]ith the exception of this case filed in the Western District of Washington, [he has] appeared in all administrative and federal court proceedings as Plaintiff's attorney since May of 2015." Dkt. 27, at 1. Wendt asserts that he "associated attorney Christopher Dellert to serve as local counsel in this action for judicial review because Mr. Dellert was admitted to practice in this district." *Id.,* at 1-2. Wendt maintains that "[e]ven though [he has] not appeared in this action, [he] continue[s] to serve as the Plaintiff's primary attorney." *Id.,*

at 2. Although he did not file a brief, as is evidenced by his billing records, it was Wendt who communicated extensively with Plaintiff and his wife, arranged with Bohr to be the brief writer and Dellert to be local counsel Plaintiff, coordinated between Bohr and Dellert, researched issues and spent considerable time reviewing Bohr's opening and reply briefs. Dkt. 27-1. Wendt's role does not appear to be that of a brief writer in support of local counsel Dellert. The reverse appears to be true – Dellert was hired as and functioned as local counsel in support of Wendt, Plaintiff's primary counsel. If that was the case, Wendt should have applied to appear pro hac vice. In any event, Wendt and Dellert have filed contradicting affidavits about who is lead counsel and their role in this case. Further, Dellert, in his reply, attached additional billing records in which he now claims to have conducted extensive review of Bohr's opening and reply briefs and to have coordinated with Bohr. Even if Plaintiff could receive an award under EAJA, Wendt's and Dellert's time now appear to be largely duplicated. On this confusing record and in light of the duplication of effort, Plaintiff should not be given an award for the 8.2 hours that Wendt claims.

### B. REASONABLENESS OF REQUESTED FEES

"The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The Court has an independent duty to review the requested hourly rate and the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *Id*., at 433, 436-37. Once the Court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Id*. at 429, 433 n.7. "[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. at 433.

The amount of the reasonable hourly rate – $196.79 - is not in dispute. So, the number of hours reasonably expended is at issue here.

**Fees for Bohr's Time**. In her declaration, Bohr moves for an award of fees for 28.10 hours. Dkt. 26, at 5. Dellert's declaration filed in support of Plaintiff's reply (to this the amended motion) states that Bohr also spent 5.5 hours of work on May 11, 2018 in support of the reply on the first motion for attorneys' fees. An award for this 5.5 hours should not be given. Arguments and evidence raised for the first time in a reply will not be considered. Further, this time was not in Bohr's May 17, 2018 declaration and so is not supported by the record. The additional 6.2 hours she requests for research and edits to the reply to this motion should not be awarded because they are duplicative of Dellert's claims for the same items. Bohr's request for 28.1 hours is reasonable in this case and Plaintiff should be awarded 28.1 hours of time for Bohr's work.

**Additional Fees for Dellert's Time**. In his reply to this motion, Plaintiff moves for additional fees. Dkt. 27. The new fees are time for Dellert (as well as Bohr). *Id.* Dellert attaches a new time sheet for himself. Dkt. 30-1. Dellert now claims he worked 11.4 hours on the case - up from 0.7 hours he claimed in his first motion and in the documents supporting this amended motion. Dkts. 23 and 24-2. Of the 11.4 hours, only 4.8 were incurred after the May 17, 2018 amended motion for attorney's fees was filed (along with the declaration in which he claims 0.7 hours). *Id.* The Defendant did not have a chance to respond. With the exception of the time spent on the reply, the Court will not consider the newly raised additional time for Dellert. Plaintiff had two opportunities to move for these expenses before and failed to do so in time for Defendant to file a meaningful response. Plaintiff should be awarded an additional 4.8

hours for Dellert's time spent on the reply for this motion; for a total of 5.5 hours (0.7+4.8=5.5) for the case.

**Conclusion**. Plaintiff should be awarded an additional 28.1 hours for time for Bohr and an additional 4.8 hours for Dellert's time. Plaintiff should not be given an award for Wendt's time. Including the prior award for 0.7 hours, the total time awarded should be for 33.6 hours:

| | |
|---|---|
| Prior Award for Dellert: | 0.7 |
| Award for Bohr: | 28.1 |
| Additional Award for Dellert: | + 4.8 |
| Total: | 33.6 hours at $196.79 |

The total amount for attorneys' fees should be for $6,612.15. As stated in the prior order (Dkt. 23) Plaintiff is also entitled to $400.00 in costs. Plaintiff should be awarded a total of $7,012.15 in attorney's fees and costs, subject to any offset allowed under the Department of the Treasury's Offset Program. If it is determined that Plaintiff's EAJA fees are not subject to the Offset Program, the fees and expenses shall be made payable to Dellert Baird Law Offices, PLLC. It is unclear from the record whether the Defendant paid the prior award of $537.75; if it has, that amount should be deducted from the $7,012.15 awarded here.

**ORDER**

It is **ORDERED** that:

- The Plaintiff's Amended Motion for Attorney Fees pursuant to 28 U.S.C. § 2412 (D) (Dkt. 24) **IS GRANTED, in part, and DENIED, in part**; and
- Plaintiff **IS AWARDED** a total of **$7,012.15** subject to any offset allowed under the Department of the Treasury's Offset Program; this award includes the prior award of $537.75, made in the May 14, 2018 order.

ORDER ON AMENDED MOTION FOR ATTORNEY FEES PURSUANT TO 28 U.S.C. §2412 (D) - 10

1 | The Clerk is directed to send uncertified copies of this Order to all counsel of record and
2 | to any party appearing *pro se* at said party's last known address.
3 | Dated this 13th day of June, 2018.

*[Signature]*

ROBERT J. BRYAN
United States District Judge